UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 21-562 (RC) |
| | : | |
| BENJAMIN MARTIN, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

**DENYING DEFENDANT'S ORAL MOTION FOR CONTINUANCE AND NEW COUNSEL**

Defendant Benjamin Martin is charged in a multi-count indictment for his alleged actions during the riot that occurred at the United States Capitol on January 6, 2021. *See* Superseding Indictment, ECF No. 22. His case has been pending since August 6, 2021. *See* Compl., ECF No. 1. In February 2022, Defendant fired the counsel he had initially hired to represent him, and the Court ordered that new counsel be appointed by the Federal Public Defenders Office. *See* Min. Entry, (Feb. 18, 2022). Since then, the Court has granted multiple continuances at the request of the parties.

Defendant's trial is currently scheduled to commence on June 17, 2024, a date which was set in September 2023. *See* Min. Entry, (Sept. 13, 2023). Despite his quickly approaching trial and the multiple years during which this case has been pending, at a hearing on May 21, 2024, Defendant orally moved to continue the trial date, contending that he would like to retain new counsel. The Government opposes a continuance. *See* Gov't's Notice Regarding the Gov't's Position on Continuing the June 17 Trial Date ("Gov't's Notice"), ECF No. 64. For the reasons discussed below, the Court will deny Defendant's motion for a continuance. And while Defendant may retain new counsel to represent him at trial alongside his current counsel, his retention of new counsel does not warrant delaying the start of trial.

## I.  LEGAL STANDARD

The Sixth Amendment affords criminal defendants the right to the effective assistance of counsel.  *See United States v. Poston*, 902 F.2d 90, 96 (D.C. Cir. 1990).  An "essential element" of that right "is that a defendant must be afforded a reasonable opportunity to secure counsel of his own choosing."  *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978).  But "the right to retain counsel of one's own choice is not absolute."  *Id.*  The D.C. Circuit has explained that "the right to counsel 'cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same.'"  *Poston*, 902 F.2d at 96 (quoting *Burton*, 584 F.2d at 489).  That is at least in part because "[t]he public has a strong interest in the prompt, effective, and efficient administration of justice" and "the public's interest in the dispensation of justice that is not unreasonably delayed has great force."  *Burton*, 584 F.2d at 489.

Where, as here, a defendant moves to continue trial in order to retain new counsel and allow new counsel time to prepare for trial, courts in this circuit weigh multiple factors to determine whether to grant a continuance.  Those factors include:

> [1] the length of the requested delay; [2] whether other continuances have been requested and granted; [3] the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; [4] whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; [5] whether the defendant contributed to the circumstance which gives rise to the request for a continuance; [6] whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; [7] whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; [8] the complexity of the case; and [9] other relevant factors which may apply in the context of any particular case.

*Poston*, 902 F.2d at 97 (quoting *Burton*, 584 F.2d at 490–91); *see also United States v. Eiland*, 738 F.3d 338, 355 (D.C. Cir. 2013).  In weighing these factors, courts bear in mind that "the right to retain counsel of one's choice 'is not boundless,' and must be balanced against the

'judicial system's interest in expeditious proceedings.'" *United States v. Shepherd*, 102 F.3d 558, 564 (D.C. Cir. 1996) (quoting *Poston*, 902 F.2d at 96). Thus, a defendant's "right to select counsel must be carefully balanced against the public's interest in the orderly administration of justice." *See Burton*, 584 F.2d at 489; *see also United States v. Gordon*, 77 F. Supp. 3d 95, 100 (D.D.C. 2015). District courts retain "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) (internal citations omitted). "Once adequate opportunity to retain counsel has been provided, the [c]ourt is 'free to deny a continuance to obtain additional counsel' if it reasonably concludes that the delay would be unreasonable, upon evaluation of the totality of the circumstances." *Gordon*, 77 F. Supp. 3d at 100 (quoting *Burton*, 584 F.2d at 490).

## II.   ANALYSIS

The Government opposes Defendant's motion for a continuance, arguing that "[n]early all" of the *Burton* factors "strongly favor" denying Defendant's request to delay the trial. *See* Gov't's Notice at 8. Defendant has not formally filed a motion for continuance, nor has he filed anything on the docket that addresses the Government's arguments. That said, during the hearing on Defendant's oral motion for a continuance, Defendant's current counsel argued on the record that each of the *Burton* factors indicate that a continuance is justified.[1] Both parties have therefore had an opportunity to present argument as to why those factors do or do not favor a continuance, and the Court will analyze each of those factors in turn.

---

[1] Defendant's counsel also expressly declined the opportunity to file a paper response on the docket.

### A. Length of Requested Delay and Past Continuances

The first two factors that courts consider are the "the length of the requested delay" and "whether other continuances have been requested and granted." *Poston*, 902 F.2d at 97 (quoting *Burton*, 584 F.2d at 490). Here, Defendant seeks, in his words, a "modest" three-month continuance in order to replace his appointed counsel with new counsel—specifically, Bradford Geyer—and to allow Mr. Geyer adequate time to prepare for trial. The Government responds that, in light of how long this case has been pending, a delay "of any length" would "undercut[] the public's 'strong interest in the prompt, effective, and efficient administration of justice.'" *See* Gov't's Notice at 9 (quoting *Burton*, 584 F.2d at 489). The Government adds that, because of "the Court's and parties' busy trial schedules," it is likely that trial will be delayed far longer than three months. *See id.*

The Government is correct that, given the Court's current trial schedule, it would not be possible to try this case in September. In fact, it is unlikely that the trial could feasibly be rescheduled for any point this year; the Court's trial calendar does not have a large enough opening until March 2025. Such a lengthy delay—approximately nine months—weighs heavily against granting a continuance. *See Eiland*, 738 F.3d at 355 (affirming denial of continuance where court's "busy trial calendar" meant that defendant was seeking a seven-month continuance). And even a delay of three months would not support a continuance in this case: the case has already been pending for nearly three years and the Court has granted numerous extensions of time for Defendant to prepare for trial. *See* Gov't's Notice at 3–4 (explaining that, following appointment of Defendant's current counsel, the Court granted seven continuances to allow Defendant and his counsel sufficient time to review discovery, investigate and research possible defenses, research potential pretrial motions, explore potential resolutions, otherwise

prepare for this trial, and to prepare for trial in Defendant's criminal case in the Eastern District of California).

### B. Convenience or Inconvenience to the Litigants, Witnesses, Counsel, and Court

The next factor the Court considers is "the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the [C]ourt." *See Poston*, 902 F.2d at 97 (quoting *Burton*, 584 F.2d at 490). On this front, Defendant contends that "one month's notice" leaves "plenty of time" for all involved to "adjust [their] schedules." He further emphasizes that the Government has prosecuted "hundreds" of January 6 cases, and that it often relies on the same evidence and legal arguments to do so. The upshot, he says, is that moving the trial would not place an "overwhelming" burden on the Government. On the other hand, he contends that a delay would provide convenience to both the public and to Mr. Geyer. Defendant says that the public would benefit because their tax dollars would no longer finance his representation. As for Mr. Geyer, he argues that the delay would allow him to prepare for trial while also enabling him to go on a month-long trip to Vietnam from June 9 to July 12.

The Government responds that the requested delay would significantly inconvenience both the prosecution and the Court. *See* Gov't's Notice at 9–10. It argues that "[t]rial is set to begin in less than a month, and [that] the parties' joint pretrial statement, which includes proposed jury instructions, voir dire questions, and a list of all exhibits anticipated to be used at trial, is due in one week." *See id.* at 9. Further, the Government explains that it has "interviewed law enforcement witnesses and coordinated witness travel and availability with four different agencies." *See id.*

The Court agrees with the Government that Defendant's requested delay would significantly disrupt the Court's schedule. Defendant's trial has been scheduled since September

5


2023. One of the reasons that the Defendant's trial was scheduled nine-months in advance is because of how busy the Court's criminal docket has been—multiple January 6 trials have often been calendared for each month. The Court's docket and trial schedule are still very crowded. Delaying Defendant's trial less than a month before it is scheduled to begin would thus present another inconvenience and further complicate a docket already heavily bogged down by January 6 trials. Not only would this inconvenience the Court, it would also likely prejudice the rights of other criminal defendants waiting to stand trial. *See Burton*, 584 F.2d at 490 (observing that "[t]he condition of most criminal dockets demands reasonably prompt disposition of cases; when cases are set far in advance for a day certain, an unreasonable delay in one case only serves to delay other cases, and this carries the potential for prejudice to the rights of other defendants").

Additionally, the Court is persuaded that the requested delay would inconvenience the Government and its witnesses. As the Government notes, it has been preparing for trial for months, *see* Gov't's Notice at 9, and has already worked to arrange for many of its witnesses to travel to the District of Columbia or make themselves available for trial beginning on June 17, *see id.* Rescheduling the trial at this late date would thus pose a meaningful inconvenience to both the prosecution and its witnesses.

On the other half of the balance, the Court does not believe that convenience to Mr. Geyer outweighs the great inconvenience that continuing the current trial date would cause to the Court, the Government, and the prosecution's witnesses. The Court does not gainsay the importance of giving Mr. Geyer adequate time to prepare for trial. But as the Government notes, *see* Gov't's Notice at 12 n.1, and as Defendant acknowledged during the hearing on his motion, Mr. Geyer has already been involved in multiple January 6 trials and thus is more familiar than most lawyers with both the legal issues that tend to arise in such cases as well as the global

discovery that the Government provides to all defendants.  While it may take Mr. Geyer time to build familiarity with the facts specific to this case, there is nothing that would prevent him from doing so between now and June 17.  Indeed, the way in which a continuance would appear to benefit Mr. Geyer most is by allowing him to both prepare for trial *and* go on his pre-planned trip to Vietnam.  But weighed against the inconvenience to the Court, the Government, and its witnesses, Mr. Geyer's travel plans do not justify a continuance.

### C.  Legitimacy, Purpose, and Defendant's Contribution to the Request for Delay

The Court next considers "whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived" as well as "whether the defendant contributed to the circumstance which gives rise to the request for a continuance."  *See Poston*, 902 F.2d at 97 (quoting *Burton*, 584 F.2d at 490–91).  Defendant argues that a delay is necessary because there are "irreconcilable differences" between him and his current counsel, at least insofar as this case is concerned.[2]  Defendant's counsel represent that there have been "strong disagreements" as to strategy and "blow-out arguments" between Defendant and his counsel.  Defendant cursorily argues that these purportedly irreconcilable differences "weigh heavily in favor" of a continuance, and that the request for a continuance is neither dilatory, purposeful, nor contrived.

However, as the Government correctly emphasizes, one of Defendant's current lawyers has represented Defendant since March 2022, while the other has done so since the beginning of this year.  *See* Gov't's Notice at 10.  During that time, Defendant's counsel "have spent considerable time reviewing voluminous discovery, represented [Defendant] at numerous hearings, negotiated plea offers on his behalf, filed multiple substantive motions, traveled across

---

[2] The same attorneys that represent Defendant in this case also represent him in an unrelated case in the Eastern District of California.

the country to tour the U.S. Capitol, and filed numerous motions *in limine* in advance of trial." *See id.* Yet, despite the significant amount of time and work that Defendant's counsel have put into this case over the last two years, Defendant waited until less than *one month* before trial to announce that there are supposedly irreconcilable differences between himself and his counsel. *See id.* (arguing that "[Defendant] has now had 26 months and numerous oral and written motions with which to contemplate his satisfaction with his appointed counsel but chose to wait until the eleventh-hour to seek their replacement"). Although the Court understands that Defendant may have lacked resources to hire counsel of his choosing at an earlier point in time, the fact that Defendant waited until four weeks before trial to alert the Court to allegedly irreconcilable differences between himself and his current counsel indicates that Defendant shares at least part of the blame for this last minute request for a continuance. It also at least suggests that a dilatory, purposeful, or contrived motive may underlie Defendant's late-stage request for a delay. This is especially so in light of the fact that nothing prevented Defendant from asking for another *appointed* attorney previously; he simply seems to have found a lawyer that he likes better shortly before trial.

### D.  Other Competent Counsel

The next factor the Court must consider is whether Defendant "has other competent counsel prepared to try the case." *See Poston*, 902 F.2d at 97 (quoting *Burton*, 584 F.2d at 491). The Court agrees with the Government that the Federal Public Defenders who currently represent Defendant are highly capable of trying this case, especially in light of the fact that one of them has spent over two years investigating and preparing the case for trial. Defendant does not meaningfully rebut this point. And to the extent that he cites irreconcilable differences between himself and his current counsel, those alleged differences—which have only been

described at a generic level—do not convince the Court that his current counsel would be unable to competently represent him at trial. *Cf. United States v. Gordon*, 77 F. Supp. 3d 95, 100–01 (D.D.C. 2015) (finding no abuse of district court's discretion where court denied motion for continuance despite "strained" relationship between attorney and defendant). And indeed, the relationship between Defendant and his current counsel is not so strained that he is no longer content to allow the same attorneys to represent him in another case in California.

### E.  Prejudice to Defendant

The penultimate factor for the Court's consideration is "whether denying the continuance will result in identifiable prejudice to [the] defendant's case, and if so, whether this prejudice is of a material or substantial nature." *See Poston*, 902 F.2d at 97 (quoting *Burton*, 584 F.2d at 491). As best the Court can tell, Defendant does not argue that he would be materially or substantially prejudiced by proceeding to trial on June 17 except insofar as it would not give his preferred counsel, Mr. Geyer, sufficient time to prepare for trial. But given that Defendant's *current* counsel is ready and able to try the case, the Court is unpersuaded that Mr. Geyer's potential unpreparedness would significantly prejudice Defendant. After all, this is not a case in which Defendant would be forced "to proceed to trial without adequate preparation from his lead attorney." *See United States v. Young-Bey*, No. 21-cr-661, 2023 WL 4706122, at *3 (D.D.C. July 24, 2023). On the contrary, Defendant's lead attorney has been preparing to try the case for two years. *Cf. United States v. Hopkins*, No. 06-cr-227, 2007 WL 9697882, at *3 (D.D.C. Aug. 1, 2007) (denying continuance where defendant's counsel was "an experienced advocate who is eminently capable of effectively representing the interests of the defendant at trial while fully protecting his constitutional rights").

Moreover—and to be clear—Defendant is free to retain Mr. Geyer to assist his current counsel in preparing for or trying his case. As the Court noted during the hearing on Defendant's motion, the primary (if not only) factor limiting Mr. Geyer's ability to prepare for trial is his pre-planned travel.

### F.  Complexity of the Case

Finally, the Court considers "the complexity of the case." *See Poston*, 902 F.2d at 97 (quoting *Burton*, 584 F.2d at 491). Defendant contends that the complexity of his case favors a continuance. The Government replies that, although cases related to the January 6 Capitol riot are complex in "overall scope," Defendant's particular case does not present a particularly "unique or challenging set of facts." *See* Gov't's Notice at 12. It further argues that some of that overall complexity is mitigated by the fact that Defendant's preferred counsel has prior, significant experience litigating January 6 cases. *See id.*

The Court agrees with the Government that Mr. Geyer's representation of other January 6 defendants suggests that he would face less of a learning curve when confronting the global discovery and the legal issues presented in a case like Defendant's. At the same time, the Court recognizes that case-specific discovery and the possibility that novel legal issues will arise present the potential for added complexity. In the end, the complexity of the case neither favors nor disfavors a continuance, and this factor does nothing to outweigh the other *Burton* factors—all of which support denying Defendant's motion to delay the start of his trial.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion for a continuance is **DENIED**.

**SO ORDERED**.

Dated:  May 28, 2024                                                                                RUDOLPH CONTRERAS
                                                                                                               United States District Judge