UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 21-cr-562 |
| | : | |
| BENJAMIN MARTIN | : | |
| | : | |
| *Defendant.* | : | |

### GOVERNMENT AND DEFENDANT'S PROPOSED VOIR DIRE

**A. Questions Addressed to the Full Venire**

The parties propose that the Court address the following questions to the full venire, and ask each juror to mark any "yes" answers on an index card, so that follow-up to those questions can be conducted during individual voir dire:

1. Having now heard a brief description of the case, do you know or have you heard anything about this case?

2. The United States is represented in this case by Assistant United States Attorneys Alexander Diamond and Taylor Fontan, and are being assisted by paralegal, Jennaie Bashay, and FBI Special Agent Connor Ledbetter. PLEASE STAND. Do you know any of these individuals?

3. Benjamin Martin is represented in this case by Hootan Baigmohammadi and Douglas Beevers. PLEASE STAND. Do you know any of these individuals?

4. During the course of the trial, you may hear testimony from or about a number of people. The attorneys will now identify for you the names, general area of residence, and employment of people who may testify or about whom you may hear testimony. The Government's counsel may go first, and then defense counsel may list any additional names. Do you know any of the named individuals?

5. Please look around you. Do you know or recognize any other member of the prospective jury panel, the courtroom staff or me?

1

The next ten (10) questions relate to you, members of your immediate family, and close personal friends.

6. Do you, members of your immediate family, and close personal friends now work for, or has anyone in that group ever worked for a local, state, or federal law enforcement agency or a private security company? Law enforcement agencies include for example: the Metro Transit Police Department, the Metropolitan Police Department, the Park Police, or any other local police department, the Drug Enforcement Administration, the United States Secret Service, the Federal Bureau of Investigation, the United States Capitol Police, and the U.S. Marshals Service.

7. Do you, members of your immediate family, and close personal friends now work for, or has anyone in that group ever worked for a local, state, or federal prosecutor's office such as the Office of the Attorney General for the District of Columbia, the United States Attorney's Office, or a state's attorney or commonwealth attorney's office?

8. Do you, members of your immediate family, and close personal friends now work for, or has anyone in that group ever worked for a local, state, or federal public defender, or private criminal defense office?

9. Have you, members of your immediate family, and close personal friends ever been arrested for, convicted of, or charged with a crime or been a victim of or witness to a crime?

10. Do you, members of your immediate family, and close personal friends now work for, or has anyone in that group ever worked for a jail, prison, or other type of penal institution?

11. Have you, members of your immediate family, and close personal friends ever served in the military?

12. Do you, members of your immediate family, and close personal friends belong to a group or organization that is active in law enforcement or crime victim prevention matters? Some examples of such organizations include: Fraternal

Order of Police, Crime Watch, Crime Stoppers, Orange Hats, or other organizations, including any groups on the Internet, which monitor or discuss neighborhood crime issues.

13. Have you, members of your immediate family, and close personal friends ever gone to law school, worked as a lawyer, or worked in a law office?

14. Have you, members of your immediate family, and close personal friends ever had any experiences with any law enforcement agency or the government that might cause you to favor or disfavor the government or law enforcement?

15. Have you ever filed a complaint against a police officer or anyone in law enforcement?

16. I will be instructing the jury at the end of the trial that the testimony of a law enforcement officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness is a law enforcement officer. Does anyone have such strong feelings about law enforcement– either positive or negative – that would make it difficult for you to be a fair juror in the case?

17. Have any of you had an experience as a juror in a previous trial that would affect your ability to be a fair juror in this trial?

18. Have you or a close friend or family member previously been called for jury service for a trial related to the events of January 6, 2021?

19. Let me tell you the likely schedule.  The lawyers have predicted that the presentation of evidence in this trial should last about **three days**, but it could run shorter or longer. The jury will sit Monday through Friday, generally from 10:00 a.m. to 5:30 p.m., although the starting and ending times may vary. The jury will not sit on Wednesday, June 19, 2024 in observance of a federal holiday. The length of jury deliberations following the presentation of evidence at trial will be determined by the jury itself.

Knowing this schedule, do you have an urgent or extremely important matter to attend to this week and next, such that you could be faced with a hardship if selected to serve on the jury in this case?

20. Do you have any vision, language, or hearing problems, or any other physical or medical problems, that might interfere with your ability to hear or understand what the witnesses say in this case, to view exhibits and photographs, or to give your full attention to this case?

21. Are you able to read, speak, and understand the English language?

22. Do you have trouble paying attention for long periods of time?

23. Do you take medication or suffer from any physical pain that makes it difficult for you to sit and focus for long periods of time?

24. Does jury service rise COVID-19 safety concerns for you?

25. Do you hold any religious beliefs that prevent you from passing judgment on others?

26. What source or sources do you rely on to get your news?

    a. Newspapers
    b. TV
    c. Radio
    d. Social media
    e. Podcasts
    f. Internet searches

27. Do you use social media?

28. Have you ever filed a lawsuit, or had a lawsuit of any kind filed against you, by anyone in court?

29. Do you have any opinions concerning the following which would affect your ability to be a fair and impartial juror:

    a. Criminal prosecutors
    b. Criminal defense attorneys
    c. FBI agents
    d. The "federal government" in general
    e. Military service

      f. Law-enforcement
      g. A defendant accused in a criminal case?

30. Do you think that your political views, or those of your partner, will affect your service as a juror in this case?

### *January 6, 2021- Specific Questions*

31. Do you or someone you know have any direct or indirect connection to events at the U.S. Capitol on January 6, 2021?

32. Did you, any member of your family or close friend live or work near the immediate area of the U.S. Capitol on January 6, 2021?

33. Have you ever been on the grounds of the U.S. Capitol or inside of the U.S. Capitol Building?

34. Were you at or near the U.S. Capitol on January 6, 2021?

35. Did you watch live news coverage of the events at the U.S. Capitol on January 6, 2021?

36. Since January 6, 2021, have you seen, heard, or read about the events that took place at the U.S. Capitol building on January 6, 2021, the investigations, arrests, and court proceedings of those individuals involved?

37. Do you have strong feelings or opinions about the events that took place at the U.S. Capitol on January 6 that would make it difficult for you to serve as a fair and impartial juror in this case?

38. Have you or a close friend or family member been employed or had any association or connection with the House Select Committee to Investigate the January 6, 2021 events at the U.S. Capitol?

39. Have you ever watched video of this defendant, Benjamin Martin, from January 6, 2021 or after January 6, 2021, on the news, social media platforms, or on the Internet?

40. Have you ever read any news articles about Benjamin Martin?

41. Based on what you have seen or heard, if anything, about defendant, Benjamin

Martin, relating to January 6, 2021, have you formed any opinions about Benjamin Martin's guilt or innocence?

42. No matter what you have heard or seen about events at the U.S. Capitol on January 6, 2021, and no matter what opinions you may have formed, can you put all of that aside and decide this case only on the evidence you receive in court, follow the law, and decide the case in a fair and impartial manner?

43. If you are selected as a juror in this case, I will instruct you to avoid all media coverage, including radio, television, podcasts, and social media, and not to use the internet with regard to this case for any purpose. That is, you will be forbidden from reading newspaper articles about this case, listening to radio and podcast stories about this case, watching TV news about this case, Googling this case or any of its participants, blogging or tweeting about this case, or reading or posting comments about this case on any social media sites. Do you have any reservations or concerns about your ability or willingness to follow this instruction?

44. Jurors are the sole judges of the facts. However, the jury must follow the principles of law as instructed by me. The jury may not follow some rules of law and ignore others. Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them. Do you have any personal beliefs that would make it difficult to follow my legal instructions, whatever they may be?

45. Do you disagree with the principles of law that during his trial (i) the defendant is presumed to be innocent, (ii) the defendant has the right to remain silent, (iii) the defendant has no burden whatsoever to establish his innocence, because (iv) the government has the burden of proving its case beyond a reasonable doubt?

46. My final question is a "catch-all question." This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. Perhaps you have a religious, moral, or philosophical reason that you believe would make it hard for you to

be fair. In sum, is there some other reason that would make it difficult for you to sit as a fair and impartial juror in this case?

B. **Individual Voir Dire by the Court**

After the Court reads the above questions to the full venire, the parties respectfully request that the Court conduct individual voir dire, both to follow up on any "yes" answers each juror gave to those questions, and to obtain a limited amount of background information about the juror. The parties jointly request that the Court generally follow up on "yes" responses to the above questions, including but not limited to the follow-up questions listed below. The parties also respectfully request that the Court ask the following background questions of each juror during individual voir dire:

1. What is the highest level of school you completed?
2. What is your marital status?
3. What is your current occupation?
   a. How long have you been at this job?
   b. What is your current role at work?
4. If you have a partner, what is their occupation?
5. How long have you lived in the District of Columbia?
6. Do you belong to any societies, unions, professional associations, political action organizations, civic clubs, fraternities, sororities, or other similar organizations.

C. **Attorney Conducted Follow-Up Questions**

The parties respectfully request that, following the Court's individual voir dire, each party be permitted to ask additional follow-up questions of the prospective juror.

**D. Mr. Martin's Proposed Voir Dire**

1. Do any of you have negative feelings about Donald Trump supporters? If yes, please describe.[1]

2. Were you or close family/friends negatively impacted by the events surrounding what happened at the Capitol Building on January 6, 2021? Negative impact may include economic loss, frustration with the imposed city-wide curfew, suffering emotional or physical damage as a result of being at the Capitol Building on January 6, 2021, or anything else that you can think of.[2]

3. If you answered yes to the previous question, do any of you harbor negative feelings for the impact January 6, 2021 had on your life or the lives of friends/family?[3]

4. Even if January 6, 2021 did not personally impact you or your loved ones, do you have negative feelings about the events surrounding what took place on that day in the U.S. Capitol?[4]

5. This case is unique in that you will have likely seen videos and pictures of the events surrounding what occurred at the Capitol Building on January 6, 2021 because of the intense media coverage of the event. You may have already formed opinions about the day in question. However, the law requires that you presume Mr. Martin innocent of all

---

[1] The government objects on the basis that this question is cumulative of government's proposed question 30. The court is in a better position to determine whether a potential juror is impartial by asking follow-up questions in individual voir dire.

[2] The government objects on the basis that this question is cumulative of government's proposed questions 31-37. The court is in a better position to determine whether a potential juror is impartial by asking follow-up questions in individual voir dire.

[3] The government objects on the basis that this question is cumulative of government's proposed questions 31-37.

[4] The government objects on the basis that this question is cumulative of government's proposed questions 31-37.

charges unless and until the government proves his guilty beyond a reasonable doubt based upon the evidence presented to you at trial. Will the media that you have already consumed surrounding January 6, 2021 make it difficult for you to presume Mr. Martin innocent throughout the trial until the close of evidence?

6. Will the media content you have consumed about the events surrounding January 6, 2021 make it difficult for you to consider only the evidence presented at trial in determining whether the government has met its burden of proving Mr. Martin's guilt beyond a reasonable doubt?

7. You may hear evidence at trial about Mr. Martin's views on covid masking and vaccines. Does anyone have negative feelings towards anti-vaxxers or anti-maskers?

8. Do any of you have a feeling that a defendant in this kind of case is probably guilty of at least one of the counts if he does not testify?

9. Do any of you have strong feelings against the consumption of alcohol? (only if defense Embassy Suites in limine motion is denied.)