UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-cr-562-RC |
| | : | |
| **BENJAMIN MARTIN,** | : | |
| | : | |
| **Defendant.** | : | |

## MOTION FOR JUDGMENT OF ACQUITTAL AS TO COUNT TWO

Mr. Martin moves for the Court to set aside the jury's guilty verdict as to Count Two of the indictment -- a violation of 18 U.S.C. § 1512(c)(2) -- because no reasonable juror could have accepted the evidence as sufficient to support the conclusion of Mr. Martin's guilty beyond a reasonable doubt.

I.     **STATEMENT OF THE CASE**

The government charged Mr. Martin by way of indictment with six law violations. ECF no. 22. Count Two alleged a violation of 18 U.S.C. § 1512(c)(2). *Id*. On January 8, 2024, Mr. Martin moved pre-trial to dismiss Count Two. ECF no. 48. On April 25, 2024, the Court denied Mr. Martin's motion to dismiss because "[d]efendant concedes that this 'argument is foreclosed' by the D.C. Circuit's decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir.), cert. granted, 144 S. Ct. 537 (2023) [hereinafter '*Fischer I*'], and that his motion simply serves as a means '*to preserve the issue*' in the event that the Supreme Court overturns the Circuit's opinion in *Fischer [I]*." ECF no. n/a (italics added).

A jury trial was held beginning on June 20, 2024. ECF no. n/a. At the close of the government's evidence, Mr. Martin move for a judgment of acquittal as to Count Two in anticipation of the Supreme Court overturning *Fischer I*.[1] JUNE 24 TX. AT 153-55. The Court denied the motion. *Id*. Mr. Martin renewed his Rule 29 motion as to Count Two at the close of presenting his case. JUNE 25 TX. AT 122. The Court denied the motion. *Id*. On June 26, 2024, a jury found Mr. Martin guilty of all six counts of the indictment. ECF no. 90.

On June 28, 2024, the Supreme Court vacated *Fischer I* and remanded the case for further proceedings consistent with the opinion. *Fischer*, 603 U.S. ---, 2024 WL 3208034 at *10 [hereinafter "*Fischer II*"].

On July 11, 2024, the Court granted Mr. Martin's unopposed motion to set a post-trial briefing schedule with respect to *Fischer II*. Motions are due today. This motion follows.

---

[1] Mr. Martin does not attach the trial transcript to his brief because of its massive nature. He will instead reference trial dates and page numbers should the Court or government wish to confirm facts averred.

2

## II.   LEGAL STANDARD

The Court may set aside a jury verdict and enter an acquittal for which the evidence is insufficient. Fed. R. Crim. P. 29(a)&(c)(2). A defendant may move for a judgment of acquittal within fourteen days of the verdict, or within any time set by the Court if the defendant requests for an extension of time within the fourteen-day period. Fed. R. Crim. P. 29(c)(1); *see also id.*, 2005 Amend. In order to assess the merits of the motion, the Court must

> view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating the credibility of witnesses, finding the facts, and drawing justifiable inferences. A verdict will be overruled only if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt.

*United States v. Campbell*, 702 F.2d 262, 264 (D.C. Cir. 1983).

## III.   ARGUMENT

### a. *Fischer II* held that the government must establish that a defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding, in order to sustain a conviction for §1512(c)(2).

In *Fischer II*, the government charged Fischer with, amongst other things, violating 18 U.S.C. § 1512(c)(2)[2] for his part in the January 6 events at the Capitol Building. *Fischer II*, 2024 WL 3208034 at *3. Fischer moved to dismiss that count arguing that the statute only criminalized impairing the availability or integrity of evidence. *Id*. The District Court granted his motion. *Id*. It

---

[2] The relevant portion of § 1512 provides:

(c) Whoever corruptly—
    (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
    (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,
    shall be fined ... or imprisoned not more than 20 years, or both.

found that §1512(c)(2)'s scope is limited by §1512(c)(1), and thus requires a defendant to take action with respect to a document, records, or other object. *Id*. A divided D.C. Circuit panel reversed and remanded. *Id*. at *4. The majority held that "otherwise" in § 1512(c)(2) covered all forms of corrupt obstruction and was not cabined by the conduct explicitly mentioned in § 1512(c)(1). *Id*.

The Supreme Court disagreed and vacated the Circuit Court's decision. *Id*. at *10. It applied canons of statutory construction, reviewed the legislative history, and examined the broader context of Section 1512 in order to hold that subsection (c)(2) is limited in scope by (c)(1). *Id.* at *5-7. "Alters, destroys, mutilates, or conceals" in (c)(1) gives guidance and narrows what type of additional action "otherwise obstructs, influences, or impedes any official proceeding." *Id*. at *6. For example, someone can be found guilty under (c)(2) for creating false evidence. *Id*. Furthermore, "[s]ubsection (c)(2) also ensures that liability is still imposed for impairing the availability or integrity of *other* things used in an official proceeding beyond the "record[s], document[s], or other object[s]" enumerated in (c)(1), such as witness testimony or intangible information." *Id*. The Court rejected the government surplusage arguments and reasoned that its holding avoids unjust results and disallows the judicial branch from usurping the role of the legislature. *Id*. at *8-10. It concluded that "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so." *Id*. at *10. The Supreme Court remanded to the D.C. Circuit to assess the sufficiency of the Count Three of the indictment in light of *Fischer II*'s holding. *Id.*

//

      **b. No reasonable juror could accept the evidence as sufficient to support the conclusion that Mr. Martin impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding, attempted to do so, or aided and abetted others in doing so.**

The government pursued a conviction on Count Two on completion of the substantive offense, attempt, and aid and abet theories. ECF no. 87 at 30-37 (Jury Instructions).

Even in the light most favorable to the verdict, drawing all justifiable inferences, there was no evidence presented at trial to conclude that Mr. Martin impaired the availability or integrity for use in the certification of the electoral college vote of records, documents, objects, or other things. *See Fischer II*, 2024 WL 3208034 at *10. There was no evidence presented for example about Mr. Martin creating false testimony or impairing the integrity or availability of witness testimony or intangible information. *See id.* at *6. In fact, the government presented no evidence whatsoever about what records, documents, objects, or other things, if any, are involved in the actual certification of the electoral college vote.

The government presented no evidence that Mr. Martin attempted to impair the availability of or integrity for use in the certification of the electoral college vote of records, documents, objects, or other things. The government had to prove beyond a reasonable doubt that Mr. Martin intended to impair the availability or integrity for use in the certification of the electoral college vote of records, documents, objects, or other things to sustain a conviction on an attempt theory. *See* ECF no. 87 at 24. Again, the government presented no evidence about what records, documents, objects, or other things, if any, are involved in the actual certification of the electoral college vote. The government presented no evidence that Mr. Martin knew of -- much less called for impairment of -- the records, documents, objects, or other things, if any, that are involved in the actual certification of the electoral college vote. The government proceeded on a theory that Mr. Martin and others obstructed the certification by delaying it. JUNE 26 TX. AT 10. They said nothing about records, documents, objects, or other things involved in the official proceeding.

The government presented no evidence that Mr. Martin aided and abetted others who impaired the availability of or integrity for use in the certification of the electoral college vote of records, documents, objects, or other things. To sustain a conviction on an aid and abet theory, the government had to prove beyond a reasonable doubt that: 1) others committed obstruction of an official proceeding by committing each of the elements charged; 2) Mr. Martin knew that the offense was going to be committed or was being committed; 3) Mr. Martin performed an act or acts in furtherance of the offense; 4) Mr. Martin knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging other in committing the offense; and 5) Mr. Martin did that act or acts with the intent that others commit the offense. *Id.* at 34-35. The government presented no evidence that others impaired the availability or integrity for use in the certification of the electoral college vote of records, documents, objects, or other things – they offered no evidence about what records, documents, objects, or other things, if any, are even involved in the process; that Mr. Martin knew about it; that he performed acts in furtherance of the offense; for the purpose of aiding and abetting others; and that he intended others to commit the offense.

## IV.   CONCLUSION

For the forgoing reasons, the jury's verdict should be set aside.

|  |  | Respectfully submitted, |
|---|---|---|
|  |  | HEATHER E. WILLIAMS<br>Federal Defender<br>Eastern District of California<br>CA Bar Number 122664 |
| Date: September 16, 2024 | By: | */s/ Hootan Baigmohammadi*<br> HOOTAN BAIGMOHAMMADI<br>DOUGLAS BEEVERS<br>Assistant Federal Defender<br>Eastern District of California<br>CA Bar Number 279105<br>801 I Street, 3rd Floor<br>Sacramento, CA 95814<br>T: (916) 498-5700<br>F: (916) 498-5710<br>Hootan_baigmohammadi@fd.org |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 21-cr-562-RC** |
| | : | |
| **BENJAMIN MARTIN,** | : | |
| | : | |
| Defendant. | : | |

**[PROPOSED] ORDER GRANTING MOTION FOR JUDGMENT OF ACQUITTAL AS TO COUNT TWO**

Upon consideration of Mr. Martin's Motion for Judgment of Acquittal as to Count Two, it is hereby

ORDERED that Count Two be dismissed with prejudice.

Date: _____

HONORABLE RUDOLPH CONTRERAS
United States District Judge